911 F.2d 733
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re PHOENIX COAL COMPANY, Debtor.
PHOENIX COAL COMPANY, Plaintiff-Appellant,
v.
CAYMEN COAL INC., formerly known as Belva Coal Company, Defendant,
Rich Creek Processing, Inc., Belva Coal Company, Inc.,
formerly known as Belva Acquisition, Inc.
Defendants-Appellees.
 No. 90-5916.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1990.
 
 E.D.Ky.; No. 89-00192, Bertelsman, J.
 E.D.Ky.
 DISMISSED.
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff appeals the district court order remanding plaintiff's case to the bankruptcy court for further factual findings. Defendants move to dismiss the appeal for lack of jurisdiction. Plaintiff responds in opposition.
 
 
 2
 In moving for dismissal, defendants state that plaintiff's notice of appeal is premature. Pursuant to 28 U.S.C. Sec. 158(d) this court has jurisdiction in bankruptcy matters in appeals from all final decisions, judgments, orders and decrees of district courts sitting in review of bankruptcy courts. In re: Vause, 886 F.2d 794 (6th Cir.1989). The fact that the district court remands a case to the bankruptcy court does not automatically destroy finality of the order. If, however, the district court remands for factual determination on an issue central to the case, the order is not appealable because the case cannot be resolved properly until the necessary factual findings are made. In re: Gardner, 810 F.2d 87 (6th Cir.1987); see also United States v. Arnold, 878 F.2d 925 n. 2 (6th Cir.1989). Upon review and consideration, we conclude that the district court's order is not appealable.
 
 
 3
 It is therefore ORDERED that defendant's motion to dismiss is granted without prejudice to plaintiff's right to perfect a timely appeal from the bankruptcy court's findings on remand.